IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CODY DANIEL JACKSON, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | NO. 5:10-CV-117 (CAR) |
| Sheriff LEWIS WALKER, | : | |
| CAROLYN WEAVER, | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **CODY DANIEL JACKSON**, an inmate at the Crawford County Jail in Roberta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). For purposes of this dismissal alone, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff makes numerous allegations regarding the conditions of confinement at the Crawford County Jail: (1) from February 24, 2010 to March 18, 2010, he only received two meals per day and less than 1200 calories per day; (2) there is inadequate ventilation; (3) the shower area is wet and slick and he has twice fallen due to these conditions; (4) he has not received the "promised" five hours of "yard time"; (5) there is no regular "store call"; and (6) there is black mold

"all over the whole back jail."

The Court recognizes that the Eighth Amendment to the United States Constitution provides that cruel and unusual punishment should not be inflicted. "The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement." ***Brown v. Pastrana***, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at *6 (S. D. Fla September 4, 2008). However, the Constitution does not mandate comfortable prisons. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). All that is required is that they be humane. ***Farmer v. Brennan***, 511 U.S. 825 (1994).

To prevail on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." ***Brown v. Pastrana***, No. 08-20631, 2008 U. S. Dist. LEXIS 67236 at *6-7 (S. D. Fla September 4, 2008) (quoting ***Chandler v. Crosby***, 379 F.3d 1278, 1289 (11th Cir. 2004)).

"Under the first prong, the Court must 'assess whether society considers the risk that [plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." ***Id***. (quoting ***Chandler***, 379 F.3d at 1289). Plaintiff's complaints, even viewed collectively, are not "so grave that exposure to these conditions violate[s] contemporary standards of decency." ***Id***. "At best, such conditions sound in negligence, and do not deprive plaintiff 'of the minimal measure of life's necessities,' nor do such conditions represent something that modern society would find intolerable." ***Id***. at *8; ***see also Gardner v. Beale***, 780 F. Supp. 1073 (E. D. Va. 1991), ***aff'd*** 998 F.2d 1008 (4th Cir. 1993)(explaining that providing prisoners with only two meals per day, with an 18-hour interval between the two, did not satisfy the objective component of Eighth Amendment standard); ***Green v. Ferrell***, 801 F.2d 765 (5th Cir. 1986)(explaining that two meals per day may be adequate);

As plaintiff has not, even taking all of his allegations as true, established the first prong of the above-described Eighth Amendment test, the Court need not address the second prong.

Additionally, the Court notes that plaintiff has not alleged he suffered any type of physical injury as a result of the various conditions that allegedly exist at the Crawford County Jail. Plaintiff does state that he has slipped twice on slick floors, but he does not state that he sustained any injuries.[1] 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered by in custody without a prior showing of physical injury. *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff has sustained no physical injuries, and, therefore, his action may not prevail under 42 U.S.C. § 1983.

Finally, even if plaintiff had established a constitutional violation, Sheriff Lewis Walker would be entitled to Eleventh Amendment immunity from suit in his official capacity because a "sheriff's 'authority and duty to administer the jail in his jurisdiction flows from the State, not [the] County'." *Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005)(quoting *Manders v. Lee,* 338 F.3d 1304, 1307-08 (11th Cir. 2003)).

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 30th day of March, 2010.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE

lnb

---

[1] To any extent that plaintiff is attempting to hold the defendants liable for his slip and fall, prison officials are not liable under § 1983 for mere negligence. Although a negligence claim may be sufficient to state a claim under state law, it is insufficient to establish a constitutional violation cognizable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence by prison officials, even if it results in injury to an inmate under their care, does not amount to a constitutional violation).